Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of assumpsit, for $2,000 averred to be part of the consideration promised by Grimes to Lewis, for a tract of land, which the latter had covenanted to convey to the former.
Grimes (admitting that the contract for the sale and conveyance of the land was in writing and signed by Lewis, the vendor) pleaded that his assumpsit for the $2,000, was not in writing, and therefore (as he supposed) could not be enforced by suit. A demurrer to the plea having been overruled, judgment was rendered in bar of the action.
The application of the statute of frauds and perjuñes to the assumpsit for the consideration, is the only matter presented to this court for revision.
An assumpsit to pay for land is not a “contract for the sale of land.” Neither the letter, policy nor object of the statute of frauds and perjuries, should he deemed to embrace or apply to a promise, express or implied, to pay for land which the vendor had conyeyed or covenanted to convey. If the contract of sale had been merely oral, and therefore invalid in law, the assumpsit for the price, even if it had been in writing, would not have been binding, for want of consideration. But, surely a conveyance of Jaigj, *337 am covenant in convev land, would he a legal and sufficient consideration for a binding promise to pay its actual or conventional value Such a promise, upon such a consideration, is not, in our opinion, wbfdn the statute of frauds and perjuries — (See II Yol. Sanderson pleading, 903;) and such seems to have been, virfnallv, v4he derision of this court in the case of McDowell vs. Delap ('II Marshall 33.) That was an action of assumpsit, by a vendor of land against his vendee, for the price. The defendant succeeded, as he ought to have done, because there was no written memorial of the sale, and because, therefore, there was no legal consideration for the promise to pay the stipulated price. But, in the opinion delivered, this court said that, as the contract of sale was not obligatory on the plaintiff “such an agreement was consequently, not a sufficient or valid consideration — for the promise on the part of the defendant;” and also that “it was certainly necessary to produce in evidence some memorandum in writing of the agreement signed by the plaintiff or some one duly authorized bv him.” Here is a plain intimation that, if the plaintiff, who was the vendor, had been bound by a proper memorandum in writing, he could have’maintained assumpsit against the vendee for the promised price, even though the de~ fendant had signed no memorandum in writing; arid the record in the case of Hopkins vs. Alvis (II Marshall, 374) shews that the same point, was involved and was necessarily decided, judicially and expressly, in the same way.
Hewitt, for plaintiff; Mayes, for defendant,
Wherefore, it is the opinion of this court, that the plea reiving on the statute of frauds and perjuries presented no bar to'the action, and that, therefore, the circuit court erred in overruling the demurrer to it. •
Judgment reversed, and cause remanded, with instructions to sustain the demurrer to the plea.